## STATE OF CONNECTICUT *v.* HENRY AUSTIN
### (AC 18906)

Foti, Spear and Zarella, Js.

Argued April 27—officially released August 8, 2000

*James O. Ruane*, special public defender, for the appellant (defendant).

*Eileen McCarthy Geel*, assistant state's attorney, with whom were *John A. Connelly*, state's attorney, and *Catherine Brannelly Austin*, assistant state's attorney, for the appellee (state).

SPEAR, J. The defendant, Henry Austin, appeals from the judgment of conviction, rendered after a jury trial, of unlawful restraint in the first degree in violation of General Statutes § 53a-95, burglary in the second degree in violation of General Statutes § 53a-102 (a),[1] criminal trespass in the first degree in violation of General Statutes § 53a-107 and assault in the third degree in violation of General Statutes § 53a-61. The defendant claims that the trial court deprived him of a fair trial by failing to instruct the jury on an essential element of burglary in the second degree and improperly instructing the jury on the presumption of innocence. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. At about 1:40 a.m. on April 19, 1997, the defendant, who was somewhat intoxicated at the time, went to the victim's home in Waterbury. When the victim opened the door slightly, she recognized the defendant as a man whom she knew only as "Hank" whom she had met at a friend's home a month before. After the victim rejected the defendant's request to enter her apartment, the defendant forced his way into the apartment. Once inside, the defendant forcefully put both of his hands on the victim's neck and berated her for "pushing a retarded boy down," and told her that he would "kick her ass."

A struggle ensued in which the victim tried to push the defendant out of her apartment. She failed to do so and retreated to the kitchen, where the back door was located. She told the defendant to leave, but he refused. The defendant had cut one of his fingers on the victim's earring when he grabbed her by the neck

---

[1] General Statutes § 53a-102 (a) provides: "A person is guilty of burglary in the second degree when he enters or remains unlawfully in a dwelling at night with intent to commit a crime therein."

and was very upset about that. To calm him, the victim offered to bandage the cut. They went into the bathroom for that purpose, but once they were inside the bathroom the defendant shut the door and again began choking the victim. The defendant pushed the victim against the bathroom window with such force that the window broke and the victim sustained a serious cut. After more struggling with the defendant, the victim managed to escape through the bathroom window. She then ran to a neighbor's home where she called 911.

The defendant was subsequently arrested and convicted of burglary in the second degree, unlawful restraint in the first degree, criminal trespass in the first degree and assault in the third degree. On appeal he claims that the court improperly failed to instruct the jury, sua sponte, that to convict him of burglary in the second degree it had to find unanimously that he either unlawfully entered the victim's apartment or unlawfully remained therein. Additionally, he asserts that the court improperly instructed the jury that the law was made to protect the innocent and not the guilty, thereby eroding the presumption of innocence. He claims that the failure of the court to give the specific unanimity instruction, combined with the improper instruction on the presumption of innocence, deprived him of a fair trial. We conclude that the defendant was not deprived of a fair trial.

I

The defendant asserts that in instructing the jury on the elements of burglary in the second degree, the court should have expressly told the jury that it had to be unanimous in finding the defendant guilty of unlawfully entering or unlawfully remaining in the victim's apartment. Otherwise, he claims, the jury was free to convict him without unanimously agreeing on an essential element of the crime charged. The defendant neither

objected to the charge as given nor submitted a request to charge on this issue. Although the defendant's unpreserved claim is reviewable under the first two prongs[2] of *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989),[3] we conclude that there was no constitutional violation that clearly deprived the defendant of fair trial, and, therefore, his claim fails under the third prong of *Golding*.

As to the charge of burglary in the second degree, the substitute information alleged that the defendant committed the crime either by unlawfully entering the victim's apartment or unlawfully remaining on the premises. As the state correctly points out, the resolution of this issue is controlled by our Supreme Court's decision in *State* v. *Famiglietti*, 219 Conn. 605, 595 A.2d 306 (1991). In addressing whether a defendant's right to a unanimous verdict is violated when a court fails to give a specific unanimity charge in a case in which criminal liability may be based on the violation of one or several alternative subsections of a criminal statute, our Supreme Court stated: "We first review the instruction that was given to determine whether the trial court has sanctioned a nonunanimous verdict. If such an instruction has not been given, that ends the matter." Id., 619. Here, the court did not give an instruction that

---

[2] The record is adequate for review, and "[a] claim bearing on the defendant's right to a unanimous verdict implicates a fundamental constitutional right to a fair trial and is thus reviewable despite the defendant's failure to request a specific unanimity charge or to take proper exceptions." *State* v. *Famiglietti*, 219 Conn. 605, 619, 595 A.2d 306 (1991).

[3] Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) The record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

sanctioned a nonunanimous verdict because the court made it clear that the jury had to find each element of burglary in the second degree proven beyond a reasonable doubt to convict the defendant.[4] We therefore conclude that the defendant's right to a unanimous verdict was not violated.

In *State* v. *Berger*, 249 Conn. 218, 238, 733 A.2d 156 (1999), our Supreme Court further held: "Where a criminal statute may be violated under alternate theories of liability . . . a jury's verdict must be affirmed if there is sufficient evidence to support a finding of guilty on at least one theory of liability. *State* v. *Dyson*, 238 Conn. 784, 795, 680 A.2d 1306 (1996); see *State* v. *Chapman*, 229 Conn. 529, 539–44, 643 A.2d 1213 (1994). Consequently, in such circumstances, it is not reversible error for the trial court [to charge] the jury on a factually unsupported basis of criminal liability provided that, in addition to that instruction, the trial court instructs the jury on a factually supported basis. *State* v. *Dyson*, supra, 795." (Internal quotation marks omitted.)

Here there was ample evidence for the jury to have concluded that the defendant, by the use of force,

---

[4] After reading to the jury the statutory definition of burglary in the second degree, the court instructed the jury in relevant part: "For you to find the defendant guilty of this charge, the state must prove the following elements beyond a reasonable doubt: First, that the defendant knowingly and unlawfully entered or remained in the premises . . . .

\* \* \*

"If you determine that the premises are a building, as that term has been defined, you must next decide whether the defendant unlawfully entered or remained in such building. In other words, the state must prove, beyond a reasonable doubt, that the defendant entered unlawfully . . . or regardless of how the defendant entered he remained there unlawfully.

\* \* \*

"If you find that the state has proven, beyond a reasonable doubt, each of the elements of the crime of burglary in the second degree, then you shall find the defendant guilty of this charge. On the other hand, if you find that the state has failed to prove, beyond a reasonable doubt, any one of the elements, you shall then find the defendant not guilty of this charge."

unlawfully entered the victim's apartment. Alternatively, there was ample evidence to show that the defendant refused to leave and unlawfully remained in the apartment. The defendant's first claim must therefore fail.

## II

The defendant also claims that the court improperly instructed the jury as to the law concerning the presumption of innocence. Specifically, the court instructed the jury: "It is the sworn duty of the courts and jurors to safeguard the rights of persons charged with crime by respecting the presumption of innocence, which the law gives every person so charged. But the law is made to protect society and innocent persons, and not to protect guilty ones." The defendant claims that the court's failure to give a specific unanimity charge, coupled with its misstatement of the law as to the presumption of innocence, deprived him of a fair trial.

This claim was not presented to the court, undoubtedly because the challenged language was taken verbatim from the defendant's request to charge. He does not assert that the claim is constitutional and reviewable pursuant to *Golding*, even though he induced the alleged error of which he now complains. We, therefore, decline to review this claim. See *State* v. *Scognamiglio*, 202 Conn. 18, 25, 519 A.2d 607 (1987); *State* v. *Hinckley*, 198 Conn. 77, 81 n.2, 502 A.2d 388 (1985).[5]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] The defendant also claims that reversal of the judgment is required under *State* v. *Schiappa*, 248 Conn. 132, 728 A.2d 466 (en banc), cert. denied, 528 U.S. 862, 120 S. Ct. 152, 145 L. Ed. 2d 129 (1999). In *Schiappa*, our Supreme Court, in the exercise of its supervisory authority over the administration of justice, ordered our trial courts to refrain from using the instruction that the law is made to protect the innocent and not the guilty. Id., 175. *Schiappa* is of no avail to the defendant because it was decided more than a year after his trial and the order was prospective.